IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREGORY ZERKEL and ASA BOWERS,
as successors-in-interest to
Mason Dixon Natural Resources, LLC,

    Plaintiffs,

v.                                Civil Action No. 1:11CV19
                                                 (STAMP)

TRINITY RESOURCES, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION FOR PREJUDGMENT INTEREST**

I.  Background

The plaintiffs filed a complaint under breach of contract, unjust enrichment, promissory estoppel, and quantum meruit theories for the nonpayment of a commission for facilitating a lease between the defendant and Triana Energy, LLC.[1] On January 9, 2013, after a two-day jury trial, a jury found for the plaintiffs on their quantum meruit/unjust enrichment claim but found for the defense on the remaining counts. This Court entered judgment in accordance with the jury verdict, but deferred judgment on prejudgment interest. At the charge conference, the Court had suggested and the parties had agreed that the Court would decide the issue of prejudgment interest after the jury verdict was entered. After judgment was entered, the plaintiffs filed a motion for prejudgment

---

[1]Triana Energy, LLC is an oil and gas producer with its principal place of business in Charleston, West Virginia. The defendant signed a lease in 2010 with Triana for over $7 million.

interest, the defendant filed a brief in response and the plaintiffs filed a brief in reply.

This Court granted a motion to file supplemental briefs due to an opinion by the West Virginia Supreme Court of Appeals which the parties claim altered the considerations of prejudgment interest in this case. The parties filed supplemental briefs with this Court setting forth their recommendations regarding how prejudgment interest should be calculated. For the reasons that follow, this Court will grant the plaintiffs' motion for prejudgment interest and will award prejudgment interest in the amount requested by the plaintiffs in their supplemental brief.

## II. Discussion

In their briefs to this Court, the parties disagreed both on whether prejudgment interest should be granted and on how the interest should be calculated. On whether prejudgment interest should be granted, the defendant claims that prejudgment interest awards are a discretionary matter and, thus, interest is not required here. The plaintiffs, on the other hand, claim this Court should allow compensation due to the lost use of the money. Second, the parties disagree on the rate for prejudgment interest. The defendant suggests the medium-range federal interest rates at the time, and the plaintiffs suggest the lending rate for oil and gas property acquisition, as estimated by the West Virginia Tax Commissioner.

2

As the defendant concedes in its supplemental brief, this Court has the discretion under state law to grant prejudgment interest on unjust enrichment/quantum meruit claims. Ringer v. John, 742 S.E. 103, 106 (W. Va. 2013). Ringer v. John holds that even claims "framed in terms of unjust enrichment" are founded in contract law and, thus, West Virginia Code § 56-6-27 rather than West Virginia Code § 56-6-31 applies to awarding of prejudgment interest. Id. Prejudgment interest should be awarded based primarily on a weighing of the equities. See Moore Bros. Co. v. Brown & Root, Inc., 207 F.3d 717, 727 (4th Cir. 2000); Gribben v. Kirk, 466 S.E. 147, 502 (W. Va. 1995). The defendant suggests that the Court not award prejudgment interest, but offers no reason for the Court to do so. In this case, it is the Court's finding that the equities weigh in favor of awarding prejudgment interest due to the three years that the plaintiffs were deprived of the funds.

Having found that prejudgment interest should be awarded, the question becomes how prejudgment interest should be calculated. Under Ringer v. John, prejudgment interest rates on unjust enrichment claims are left for the jury to decide, but West Virginia Code § 56-6-27 does not describe how the interest should be determined. Ringer, 742 S.E. at 106; W. Va. Code Ann. § 56-6-27 (West 2012). Federal courts have discretion in choosing the rates for prejudgment interest which "will compensate [the prevailing party] for the delay in recovering damages when consideration is

given to . . . the money market at the time" even when the underlying claim is based on state law. Chesapeake & Ohio Ry. Co. v. Elk Refining Co., 186 F.2d 30, 35 (4th Cir. 1950); accord Liberty Mut. Ins. Co. v. Year Round Pool, Inc., 104 F.3d 359 at 4 (4th Cir. 1996) (unpublished); Montgomery Ward & Co. v. Collins Estate, Inc., 268 F.2d 830, 839 (4th Cir. 1959). Further, in order to make the injured parties whole, the prejudgment interest should reflect the injured party's borrowing costs. See Kansas v. Colorado, 533 U.S. 1, 12 (2001).

The defendant argues for use of the medium-range federal interest rates from 2010 to 2013, and thereby calculates 1.70% per annum as an appropriate compensation. This rate represents the cost of borrowing for the federal government. The plaintiffs, on the other hand, suggest the 5.25% per annum loan rate used by the West Virginia Tax Commissioner in the calculation of capitalization rates for oil and gas properties. This loan rate is meant to estimate the "[i]nterest rate required on loans for acquisition and/or development of oil and gas properties." W. Va. Code R. § 110-1J-4.5.1.b (2012) (effective Jan. 1, 2006). Because the loan rate is a more accurate estimate of the actual lending costs to the plaintiffs than the federal borrowing rate, 5.25% per annum is the more equitable rate and will compensate the plaintiffs for the delay in payment of their commission. Therefore, the plaintiffs'

calculation of the interest accrued is accepted as submitted to the Court and set forth below:

| Interest Rate for Prejudgment Interest -- 5.25% | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Year | Beg. Date | End Date | Rate | Annual | Daily | No. of Days | Amount | Balance |
| Beginning Balance | | | | | | | | $125,000.00 |
| 2010 | 01/14/10 | 12/31/10 | 5.25% | $6,562.50 | $17.98 | 352 | $ 6,328.77 | $131,328.77 |
| 2011 | 01/01/11 | 12/31/11 | 5.25% | $6,562.50 | $17.98 | 365 | $ 6,562.50 | $137.891.27 |
| 2012 | 01/01/12 | 12/31/12 | 5.25% | $6,562.50 | $17.98 | 366 | $ 6,580.48 | $144,471.75 |
| 2013 | 01/01/13 | 01/09/13 | 5.25% | $6,562.50 | $17.98 | 8 | $ 143.84 | $144,615.58 |
| Total Prejudgment Interest | | | | | | | $19,615.58 | |

III. <u>Conclusion</u>

For the above stated reasons, the plaintiffs' motion for prejudgment interest is hereby GRANTED and the plaintiffs are AWARDED prejudgment interest in the amount of $19,615.58. Accordingly, the Clerk is DIRECTED to enter an amended judgment reflecting this award.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: June 20, 2013

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

5